UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

GIAVONNI WILLIAMS, )
)
    Plaintiff )
)
      v. ) CAUSE NO. 1:08-CV- 152 RM
)
FORT WAYNE POLICE )
DEPARTMENT, et al., )
)
    Defendants )

OPINION AND ORDER

Giavonni Williams, a pro se prisoner, filed a second amended complaint against four members of the Fort Wayne Police Department: Chief of Police, Rusty York, Detective Miranda Burch, and two patrol officers, Darrell R. Caudill and Heather Hamilton (Pro Se Complaint, docket # 15 at 2). Mr. Williams contends the defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth amendments as well as Article 1, Section 2 of the Indiana constitution by arresting him without a warrant or probable cause, illegally detaining, physically restraining and assaulting him.

SCREENING STANDARD

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal

of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S. Ct. 1955 (2007).

Erickson v. Pardus, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. __, __; 127 S. Ct. 1955, 1964-65 (2007)

(quotation marks, ellipsis, citations and footnote omitted)[1].

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Erickson v. Pardus, 550 U.S. ___, ___; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted). The court takes the allegations in the complaint as true, viewing all facts, as well as any reasonable inferences, in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir.2004).

FACTUAL BACKGROUND

Mr. Williams went to the Fort Wayne Police station on his own accord. Mr.

---

[1] See: Ashcroft v. Iqbal, ___U.S. ___; ___, 2009 WL 1361536 (2009)(explaining Twombly).

Williams alleges that before he arrived, Detective Burch told Officer Caudill to "illegally seize, detain, assault, and wrongfully arrest" Mr. Williams and to not allow him to leave. According to Mr. Williams, Detective Burch issued this order in the belief that Mr. Williams had committed a battery. Mr. Williams says Officer Caudill seized him and "aggressively shoved" him down into a chair in the interrogation room and "tightly" shackled him to it. Officer Caudill denied Mr. Williams was under arrest or being detained for a "72 hour investigation," but refused Mr. Williams's demand to be released. Mr. Williams says he was forcibly removed from the police station in handcuffs. Mr. Williams says Officer Hoffman helped Officer Caudill, but he doesn't explain what she did. Mr. Williams contends the police chief is liable under respondeat superior because of the department's "formal training and policies," which he maintains allow the other defendants to disregard the Constitution. The police chief should have known about the problems as similar claims of wrongful arrest and police brutality were brought in other lawsuits, Mr. Williams declares.

Because of the defendants' actions, Mr. Williams says he was maliciously prosecuted for two battery offenses, interfering with reporting a crime, and for being a habitual offender. Mr. Williams awaited trial in the Allen County Jail when he filed the complaint.

DISCUSSION

*I. False Arrest Claim*

The Fourth Amendment guarantees the people's right to be secure from arrest that is not supported by probable cause. U.S. CONST. AMEND. IV. The Fourteenth Amendment, in addition to requiring state and local authorities to observe Fourth Amendment protections and other rights, prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV. A false arrest charge can stand only if the officer or officers involved had no probable cause to make an arrest. Morfin v. City of East Chicago, 349 F.3d 989, 997 (7th Cir.2003). "It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." Id. (quoting Juriss v. McGowan, 957 F.2d 345, 349 n. 1 (7th Cir.1992)).

Inherent in Mr. Williams's warrantless false arrest claim is the assertion the police lacked probable cause to arrest him. A police officer has probable cause to arrest if the totality of the facts would support a reasonable belief that the suspect has committed or is committing a crime. Lawrence v. Kenosha County, 391 F.3d 837, 842 (7th Cir.2004). The test is an objective one. See Whren v. United States, 517 U.S. 806, 812-13 (1996) (reviewing cases). Mr. Williams doesn't disclose what conduct Officer Hoffman did to assist Officer Caudill.

Mr. Williams doesn't allege that Detective Burch actually seized him, but he implies that she told Officer Caudill about the false battery charge before Mr. Williams arrived at the station. See Acevedo v. Canterbury, 457 F.3d 721, 723 (7th Cir. 2006) ("police officer who files a false report may be liable for false arrest if the filing of the report leads to a seizure in violation of the Fourth Amendment");

5

McCullah v. Gadert, 344 F.3d 655 (7th Cir. 2003) (allegedly fabricated incident report may be actionable under Fourth Amendment). Giving Mr. Williams the benefit of the inferences to which he is entitled at the pleading stage he states a claim against Detective Burch for violating his Fourth Amendment rights in ordering his arrest.

On this record, the court can't determine that probable cause supported Mr. Williams's detention. According to the complaint, Officer Caudill detained Mr. Williams only because Detective Burch told him to do it. Even assuming the detective told Officer Caudill that Mr. Williams committed a battery, the complaint suggests no other facts upon which to base a determination there was probable cause for an arrest. Giving Mr. Williams the benefit of the inferences to which he is entitled at the pleading stage, he also states a Fourth Amendment claim against Officers Caudill and Hoffman in their individual capacities for arresting him without a warrant.

## II. EXCESSIVE FORCE CLAIM

The Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. U.S. CONST. AMEND VIII. Though the Eighth Amendment's proscription against cruel and unusual punishments applies only to people convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners

6

and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

Mr. Williams bases this claim in part on the fact that Officer Caudill shoved him down into a chair and tightly applied shackles to keep him there. The tight shackles caused him "extreme pain," Mr. Williams states. (docket # 15 at 7 ). Then, seemingly also in support of this claim , Mr. Williams alleges that he was forcibly taken from the police station in handcuffs. (docket # 15 at 9).

The Constitutional prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Hudson v. McMillian , 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted). Mr. Williams doesn't allege, and it isn't reasonable to infer, that the push injured him. Under the circumstances the officer's shove is de minimus and provides no claim. Mr. Williams doesn't elaborate on the manner in which he was forcibly taken from the station, nor does he claim whatever force used injured him in any way. Consequently, Mr. Williams's charge that he was taken from the police station in handcuffs and against his will doesn't state a claim.

The tight shackles are a different story. Officer Caudill allegedly told Mr. Williams that because he was the police he could do whatever he wanted. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

Coupled with the allegation that Officer Caudill applied the shackles so tightly that Mr. Williams felt "extreme pain," however, it could be inferred that the officer tightened the shackles maliciously and sadistically for no legitimate purpose. The Seventh Circuit recognized a valid excessive force claim based in part on overly tight handcuffs in <u>Payne v. Pauley</u>, 337 F.3d 767 (7th Cir.2003). Evidence there showed the arresting officers handcuffed the plaintiff so tightly her hands became numb. 337 F.3d at 774-75, 781. <u>See also Lester v. City of Chicago</u>, 830 F.2d 706, 714 (7th Cir.1987) (alleged excessive use of force included handcuffs applied so tightly as to cause bruising). Although Mr. Williams complains of pain alone, giving him the benefit of the inferences to which he is entitled at the pleading stage, he states a claim against Officer Caudill for this alleged excessive use of force and against Officer Hoffman, who allegedly helped him.

Mr. Williams seeks to proceed against the detective and the police chief upon a theory of liability based on the <u>respondeat superior</u> doctrine. However,

> The doctrine of respondeat superior cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

<u>Chavez v. Ill. State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001) (citations, quotation marks, and brackets omitted) (ellipsis in original).

Mr. Williams's excessive force claim against Detective Burch rests on her order to Officer Caudill to keep the plaintiff at the station "at all cost." (docket # 15 at 9). It might be inferred that Mr. Williams claims the detective was deliberately or recklessly indifferent to the possibility the officer would use excessive force to keep Mr. Williams at the police station. Giving Mr. Williams the benefit of the inferences to which he is entitled at the pleading stage, he states a Fourteenth Amendment claim against Detective Burch in her individual capacity for the alleged use of excessive force.

Mr. Williams contends the policies that Chief York issued and the department's training allowed Caudill to "willfully disregard the Constitution." Because of prior lawsuits against Chief York as well as the department involving claims of wrongful arrest, police brutality, and other civil rights violations, Mr. Williams further suggests Chief York knew or should have known the training was deficient. (docket # 15 at 8, 10). Mr. Williams sues the police chief in both his individual and official capacities. Since Mr. Williams doesn't allege, and provides no basis to infer, that Chief York was personally involved in the alleged illegal seizure he does not state a claim against the chief in his individual capacity.

> Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself. A governmental unit is not liable under § 1983 unless the deprivation of constitutional rights is caused by its own policy or custom. A local governmental unit's unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a "custom or usage" causing the loss; or (3) a person with

9

final policymaking authority causing the loss.

Walker v. Sheahan, 526 F. 3d 973, 977-78 (7th Cir. 2008) (citations omitted).

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 978 quoting Canton v. Harris, 489 U.S. 378, 388 (1989).

Although Mr. Williams expressly alleges that policies issued by Chief York resulted in the alleged violations, it is not plausible that the Fort Wayne Police Department has a formal policy directing its officers to arrest people without probable cause and to subject them to excessive force. But implicit in the charge that multiple lawsuits have been filed (some allegedly brought against York himself) on claims similar to Mr. Williams's is the allegation that a widespread practice exists in the department of arrests without probable cause and the use of excessive force. It further implies that Chief York was deliberately indifferent and did nothing about the problem. See: Framer v. Brennan, 511 U.S. 825, 842 (1994) (explaining that a prison official acts with "deliberate indifference" if the official acted or failed to act despite his knowledge of a substantial risk of serious harm"). Giving Mr. Williams the benefit of the inferences to which he is entitled at the pleading stage, he states a Fourth Amendment claim against Chief York in his official capacity for the alleged arrest without probable cause and the alleged use of excessive force.

## III. FIFTH AMENDMENT CLAIM

Mr. Williams also cites the Fifth Amendment in support of his claims. The Fifth Amendment to the Constitution provides that "(n)o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. AMEND. V. The Fifth Amendment's due process clause applies only to federal government action. Perry v. Sinderman, 408 U.S. 593 (1972); see also Massey v. Wheeler, 221 F. 3d 1030, 1036 n.1. (7th Cir. 2000); Craig v. Cohn, 80 F. Supp.2d 944, 947 (N. D. Ind. 2000) citing Huffaker v. Bucks County District Attorney's Office, 758 F. Supp. 287, 290 (E. D. Pa.1991).

## IV. STATE CONSTITUTION CLAIM

Mr. Williams contends the defendants violated his rights under Article 1, Section 2 of the Indiana constitution.

Mr. Williams brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Matoon, 378 F. 3d 642 (7th Cir. 2004). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. Mc Collan, 443 U.S. 137, 140 (1979). Accordingly, Mr. Williams's claim that the defendants violated the Indiana constitution states no claim upon which relief can be granted under § 1983.

## V. MISCELLANEOUS CLAIM

11

Mr. Williams cannot pursue a § 1983 claim against the Fort Wayne Police Department because it is a division of a municipal entity and has no separate legal existence separate from the municipal entity. See, e.g., Wagner v. Washington County, 493 F.3d 833, 835 (7th Cir.2007).

CONCLUSION

The court:

(1) GRANTS the plaintiff leave to proceed against police officers, Darrell R. Caudill, Heather E. Hoffman, and detective Miranda Burch in their individual capacities on his Fourth Amendment claim that the defendants arrested him without probable cause;

(2) GRANTS the plaintiff leave to proceed against police officers, Darrell R. Caudill, Heather E. Hoffman, and detective Miranda Burch in their individual capacities on his Fourteenth Amendment claim the defendants used excessive force against him;

(3) GRANTS the plaintiff leave to proceed against Chief of Police Rusty York in his official capacity on his Fourteenth Amendment claim the Fort Wayne Police Department has a custom and practice of making arrests without probable cause and using excessive force;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk of this court to transmit the summonses and USM-285s for Rusty York, Miranda Burch, Darrell R. Caudill, and Heather

Hamilton to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(6) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Rusty York, Miranda Burch, Darrell R. Caudill, and Heather Hamilton ; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Rusty York, Miranda Burch, Darrell R. Caudill, and Heather Hamilton respond to the claim(s) upon which the Court grants Giovanni Williams leave to proceed, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1.

SO ORDERED.

DATED: June 9, 2009.

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

.