```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION
```

| | | |
|---|---|---|
| MICHAEL WILLIAMS a/k/a Giavonni Williams, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:08-CV-152 |
| FORT WAYNE POLICE DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a document entitled "Motion for Leave to Depose Defendants" (Docket # 58), together with a "Notice of Taking Deposition" (Docket # 59), filed by *pro se* Plaintiff Michael Williams, requesting that the Court grant his request to depose Defendants Rusty York, Miranda Burch, and Heather Hoffman. Williams's request, however, is deficient.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Here, Williams's motion fails to provide adequate notice of deposition as it does not specify a date and time for the deposition, instead stating that the depositions should be taken "at the date and time ordered by this . . . Court." (Docket # 58.) The notice also fails to set forth each deponent's address or reflect that it was served to all parties.

Furthermore, there is no indication that Williams has made any provision for the cost of these depositions. The law is clear that Williams cannot shift the cost of conducting a deposition

to the government or to non-parties. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd. Cir. 1993) ("[A]s a general rule, indigent litigants bear their own litigation expenses, at least initially . . . ." (citation omitted)); *Dixie v. Fort Wayne Police Dep't*, No. 1:08-cv-85, 2008 WL 2130168, at *1 (N.D. Ind. May 21, 2008); *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) ("[T]his court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)."); *Gregg v. Clerk of U.S. District Ct.*, 160 F.R.D. 653, 654-44 (N.D. Fla. 1995); *Badman v. Stark*, 139 F.R.D. 601, 604-06 (M.D. Pa. 1991); *Reed v. Pearson*, Civ. S85-100, 1989 WL 516266, at *1 (N.D. Ind. Aug. 22, 1989).

Therefore, for the foregoing reasons, Plaintiff's Motion for Leave to Depose Defendants (Docket # 58) is DENIED.

SO ORDERED.

Entered this 23rd day of November, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge