UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MICHAEL WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CAUSE NO. 1:08-cv-152** |
| ) | |
| ) | |
| **FORT WAYNE POLICE DEPARTMENT,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 case is a Motion for Appointment of Counsel (Docket # 56), together with a Questionnaire for Appointment of Counsel (Docket # 63), filed by *pro se* Plaintiff Michael Williams. Because Williams's case is not a difficult one, and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims

himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008).

The question is "whether the difficulty of the case–factually and legally–exceeds the particular

plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*,

503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff

appears competent to litigate his own claims, given their degree of difficulty, and this includes

the tasks that normally attend litigation: evidence gathering, preparing and responding to

motions and other court filings, and trial." *Id*. (emphasis omitted). Overall, the decision to

recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the

question." *Id*.

## ANALYSIS

Applying the foregoing two-fold inquiry to the instant case, it is evident that Williams is

competent to represent himself in this matter. To explain, the suit is a relatively straightforward

§ 1983 action: Williams claims that he was arrested without probable cause and that the arresting

officers roughed him up, causing him injury. (Docket # 50.) Therefore, the first factor–the

difficulty of his claims–cuts against Williams's request for counsel. *See generally Lovelace v.

Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se*

plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983

case).

Second, Williams has already adequately articulated his claims in this case, amending his

---

[1] Here, Williams has made a reasonable attempt to obtain counsel on his own, as he has apparently
contacted at least three different attorneys; none, however, have taken his case. (*See* Docket # 63.) Of course, this is
an indication that Williams's case may indeed have little merit and that appointing counsel will not make a
difference in the case's ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's
unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

complaint three times; and has sought relief through various motions, including requests for an injunction, a default, and a protective order. (*See, e.g.*, Docket # 2, 4, 5, 7, 9, 10, 15, 18, 19, 36, 42, 50, 56-59, 63.) He also participated in a scheduling conference with this Court (Docket # 46), where he demonstrated reasonably good communication skills, at least at a sufficient level to proceed *pro se.* Moreover, the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable. Furthermore, he is presently incarcerated and therefore has some access to a law library. *See Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323 (7th Cir. 1995) (summarizing a prisoner's right of access to the courts). As a result, the second factor of the two-fold inquiry, the plaintiff's competence to litigate the claims himself, also fails to support his request for counsel.

Considering the foregoing, Williams appears quite competent to adequately handle the litigation of this relatively simple § 1983 case. Consequently, his motion asking that the Court recruit counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 56) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 10th day of December, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge